UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JASON RAPHAEL,

                        Plaintiff,

        -against-

THE CITY OF NEW YORK, DETECTIVE DANIEL P.
MURPHY (Shield # 2727), POLICE OFFICERS JOHN
DOES 1-5,

                        Defendants.

------------------------------------------------------------------------ x

**ECF CASE**

**COMPLAINT**

08 CV 0523 (RJS) (THK)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.    This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, alleging misconduct by the City of New York and several of its police officers.  Plaintiff alleges that, on October 16, 2006, six police officers in plainclothes, including Detective Daniel P. Murphy, subjected him to false arrest, excessive force, an illegal strip search, fabricated evidence, and malicious prosecution in violation of the Fourth, Sixth and Fourteenth Amendments to the Constitution.   Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.    Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New

York's deliberate indifference to plaintiff's constitutional rights occurred in Manhattan at New York City Police Department ("NYPD") Headquarters located at One Police Plaza and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

4. Plaintiff is a resident of the State of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Detective Daniel P. Murphy is a member of the NYPD who was involved in the arrest of plaintiff, and the torts arising out of plaintiff's arrest. Murphy is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers.

7. Police Officers John Does 1-5 are members of the NYPD who were involved in the arrest of plaintiff, and the torts arising out of plaintiff's arrest. John Does 1-5 are liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of their fellow officers. John Does 1-5 are sued in their individual capacities.

## STATEMENT OF FACTS

8. On October 16, 2006, at approximately 5:30 p.m., plaintiff and his friend Grimmond Bascom were walking on a public street in Brooklyn.

9. When plaintiff and Bascom reached the corner of East 21st Street and Dorchester Road, six police officers in plainclothes, including Daniel P. Murphy, seized plaintiff and Bascom without cause.

10. The officers, acting in concert, searched plaintiff and Bascom.

11. The officers did not find any illegal contraband on plaintiff or Bascom.

12. One of the officers handcuffed plaintiff excessively tight causing marks on plaintiff's wrists and interfering with plaintiff's circulation.

13. Plaintiff complained that the handcuffs were unnecessarily tight, but the officers ignored him.

14. Plaintiff and Bascom were subsequently taken to the 67th Precinct for arrest processing.

15. At the 67th Precinct, one of the officers strip searched plaintiff and ordered the nude plaintiff to bend over, squat and cough..

16. The officer did not find any illegal contraband on plaintiff.

17. Plaintiff was later transported to Central Booking to await arraignment.

18. While plaintiff was confined in Central Booking, some or all of the officers conveyed false information to prosecutors in order to have plaintiff prosecuted for weapons possession.

19. On October 17, 2006, plaintiff was arraigned in Criminal Court, Kings County.

20. The presiding judge set bail on plaintiff in the amount of $2,000.

21. Plaintiff was unable to post bail and was therefore taken to Rikers Island Correctional Facility.

22. Approximately two weeks after being admitted to Rikers Island, plaintiff posted bail and was released from custody.

23. Plaintiff made two court appearances after being released from Rikers Island.

24. On April 17, 2007, the prosecution dismissed the criminal charges filed against plaintiff.

25. As a result of the foregoing, plaintiff suffered emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, pain, injuries to his wrists, and a loss of liberty.

### PLAINTIFF'S FEDERAL CLAIMS AGAINST DETECTIVE DANIEL P. MURPHY AND JOHN DOES 1-5

26. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-25 as if fully set forth herein.

27. The conduct of Detective Daniel P. Murphy and John Does 1-5, as described herein, amounted to false arrest, excessive force, an unlawful strip search, fabrication of evidence, and malicious prosecution in violation of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

28. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-27 as if fully set forth herein.

29. The City of New York directly caused the constitutional violations suffered by plaintiff.

30. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that many of its police officers, including the individual defendants, are unfit officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed

to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

31. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   January 18, 2008
         Brooklyn, New York

                              CARDINALE & MARINELLI
                              26 Court Street, Suite 1815
                              Brooklyn, New York 11242
                              (718) 624-9391

                              By:

                              s/
                              _____
                              RICHARD J. CARDINALE (RC-8507)

5