UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JASON RAPHAEL,

                                        Plaintiffs,

-against-

THE CITY OF NEW YORK, DETECTIVE DANIEL P.
MURPHY (Shield # 2727), POLICE OFFICERS JOHN
DOES 1-5,

                                          Defendants.

**ANSWER**

08-cv-00523 (RJS)(THK)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendants City of New York and Daniel Murphy, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows.

        1.   Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.   Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of the Court as stated therein.

        3.   Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        4.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

        5.   Admit the allegations in paragraph "5" of the complaint.

        6.   Deny the allegations set forth in paragraph "6" of the complaint, except admit that Daniel Murphy is employed by the City of New York as a detective.

7. Deny the allegations set forth in paragraph "7" of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "25" of this answer as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

32. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

33. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any

political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

34. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

35. Plaintiff provoked any incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

36. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

37. Plaintiff may have failed to comply with the conditions precedent to suit.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

38. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

39. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

40. There was reasonable suspicion and/or probable cause for any search.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:

41. The individually named defendant Daniel Murphy has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

42. At all times relevant to the incident, defendant acted reasonably and in the proper lawful exercise of his discretion.

WHEREFORE, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          April 4, 2008

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                  City of New York
                Attorney for Defendants
                100 Church Street
                New York, New York 10007
                (212) 676-1347

By:            /s/
        Brooke Birnbaum (BB 8338)
        Assistant Corporation Counsel
        Special Federal Litigation Division

To:    Mr. Richard Cardinale, Esq.  (via ECF)

- 6 -

Index No. 08-cv-00523 (RJS)(THK)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASON RAPHAEL,

                                                    Plaintiffs,

-against-

THE CITY OF NEW YORK, DETECTIVE DANIEL P. MURPHY (Shield # 2727), POLICE OFFICERS JOHN DOES 1-5,

                                                   Defendants.

---

**ANSWER**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Brooke Birnbaum*
*Tel:  (212) 676-1347*
*NYCLIS No.*

---

*Due and timely service is hereby admitsted.*

*New York, N.Y. ............................................................ , 200..*

*...................................................................................... Esq.*

*Attorney for ..............................................................................*

- 7 -